ROBERT R. MOORE (BAR NO. 113818)
MICHAEL S. GREGER (BAR NO. 156525)
WILLIAM W. HUCKINS (BAR NO. 201098)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  rmoore@allenmatkins.com
           mgreger@allenmatkins.com
           whuckins@allenmatkins.com

Attorneys for Secured Creditor
U.S. Bank National Association

**FILED & ENTERED**

APR 26 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent       DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MAMMOTH HENDERSON II, LLC, a Nevada limited liability company,<br><br>Debtor. | Case No. 8:09-22234-RK<br><br>Chapter 11<br><br>ORDER GRANTING, IN PART, AND DENYING, IN PART, DEBTOR IN POSSESSION'S MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL<br><br>Date:    March 15, 2010<br>Time:   9:00 a.m.<br>Place:   Courtroom  5D<br>            411 West Fourth Street<br>            Santa Ana, California<br>Judge:   Hon. Robert N. Kwan |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

Debtor in Possession Mammoth Henderson II, LLC's ("Debtor") Motion for an Order Authorizing Use of Cash Collateral ("Motion") came on regularly for hearing on March 15, 2010, at 9:00 a.m. in Courtroom 5D of the above-entitled Court before the Honorable Robert N. Kwan; appearances of counsel were as stated on the record.

The Court, having considered the papers filed in support and in opposition of the Motion, the oral arguments of counsel thereon, good cause appearing therefore:

IT IS HEREBY ORDERED that:

1. Notice of the Motion is fair and adequate under the circumstances pursuant to Federal Rule of Bankruptcy Procedure 4001 and the prior order of this Court.

2. The Motion is GRANTED in part, and DENIED, in part, as follows.

3. Debtor shall segregate and deposit all rents, profits, deposits or revenues generated or received by Debtor ("Cash Collateral") with respect to Debtor's real property located at 2510-2530 St. Rose Parkway, Henderson, Nevada 8907 ("Subject Property") into a separate debtor in possession bank account, which Cash Collateral constitutes U.S. Bank National Association's ("U.S. Bank") cash collateral pursuant to its first priority deed of trust, assignment of rents and other loan and security agreements.

4. From the segregated Cash Collateral account, Debtor is authorized to pay those specific expenses in the schedule "Actual Outstanding Invoices" to which U.S. Bank has consented, as set forth in Exhibit 1 hereto.

5. From the segregated Cash Collateral account, Debtor is also authorized to pay those specific budgeted expense items in the "12 Month Expense Budget" for the period through April 30, 2010 to which U.S. Bank has consented, as set forth in Exhibit 2 hereto.

6. In addition to the specific budgeted expense items in paragraphs 4 and 5 above, Debtor is authorized to pay all outstanding property taxes owed on the Subject Property.

7. As adequate protection for Debtor's use of U.S. Bank's Cash Collateral as permitted above, U.S. Bank is hereby granted a replacement security interest and lien

1 ("Replacement Lien") on and against all of Debtor's prepetition and postpetition property
2 and assets and all property of Debtor's bankruptcy estate ("Replacement Lien Collateral"),
3 with the sole exception of Debtor's avoidance actions, if any, under Bankruptcy Code
4 Sections 544, 545, 547, 548, 549, 550 and 551, for each dollar of U.S. Bank's Cash
5 Collateral that is used and/or spent by Debtor.  The Replacement Lien shall be a fully
6 perfected lien as to all parties other than U.S. Bank without the necessity of any further
7 action by or on behalf of U.S. Bank; such Replacement Lien shall have the same priority as
8 U.S. Bank's liens, encumbrances and security interests in and against Debtor's property and
9 other assets prior to the commencement of the Debtor's chapter 11 case, and in addition
10 thereto, U.S. Bank shall have all of its rights and remedies under its prepetition loan
11 documents agreements with Debtor; and, such Replacement Lien shall attach to the
12 Replacement Lien Collateral, whether now owned or hereafter acquired by Debtor.

13    8.    As further adequate protection for Debtor's use of U.S. Bank's Cash
14 Collateral, as permitted above, U.S. bank is hereby granted a super-priority administrative
15 expense claim in accordance with Bankruptcy Code Section 507(b) in an amount equal to
16 each dollar of U.S. Bank's Cash Collateral that is used and/or spent by Debtor.

17    9.    Except as expressly provided herein in paragraphs 4, 5 and 6 and Exhibits 1
18 and 2 hereto, Debtor shall not use, expend, withdraw or transfer any of the Cash Collateral
19 unless agreed upon in writing by U.S. Bank or otherwise ordered by the Court, and such
20 Cash Collateral shall remain segregated and on deposit in the separate debtor in possession
21 bank account pursuant to paragraph 3 of this Order.

22    10.    Within 15 days after month-end, Debtor shall provide U.S. Bank with a
23 monthly reporting showing the expenditures of Cash Collateral made during the preceding
24 month compared with the outstanding post-petition invoices in Exhibit 1 hereto and the
25 budgeted expense items in Exhibit 2 hereto.

26    11.    U.S. Bank shall have the right to inspect Debtor's books and records upon 24
27 hours written notice to Debtor's counsel;

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-3-

1  12. If U.S. Bank believes that Debtor has failed to comply with any term or provision of this Order, U.S. Bank shall have the right to set a hearing on an emergency basis, on 24 hours written notice to Debtor's counsel, regarding Debtors' continued use of Cash Collateral or such other relief, as may be appropriate.

13. Debtor's right to use U.S. Bank's Cash Collateral, as set forth in this Order, shall expire on April 30, 2010.

14. Nothing in this Order shall limit or affect any of U.S. Bank's rights and remedies, including whether U.S. Bank is adequately protected, challenges to Debtors' continued use of U.S. Bank's Cash Collateral, moving or continuing to move the Court for relief from the automatic stay, or moving the Court for any other relief.

15. This Order is without prejudice to Debtor's right to move the Court for continued use of U.S. Bank's Cash Collateral after April 30, 2010, or to move the Court for additional use of U.S. Bank's Cash Collateral.

16. A hearing on Debtor's request for continued use of Cash Collateral after April 30, 2010 or for additional use of U.S. Bank's Cash Collateral, if any, shall be heard on April 21, 2010 at 2:00 p.m.

###

DATED: April 26, 2010

_____
United States Bankruptcy Judge

| In re: | CHAPTER 11 |
|---|---|
| Mammoth Henderson II, LLC | |
| Debtor(s). | CASE NUMBER 8:09-22234-RK |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  Three Embarcadero Center, 12th Floor, San Francisco, CA 94111.

The foregoing document described as **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEBTOR IN POSSESSION'S MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 12, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**VIA FEDEX**
Hon. Robert Kwan
United States Bankruptcy Court, 411 West Fourth Street, Suite 5165, Santa Ana, CA  92701-4593

**VIA US MAIL**
Attorneys for Debtor
Thomas C. Corcovelos, Esq., Corcovelos Law Group, 1001 Sixth Street, Suite 150, Manhattan Beach, CA  90266

US Trustee
Michael J. Hauser, Esq., Office of the U.S. Trustee, 411 W 4th St, Ste 9041, Santa Ana, CA 92701-4593

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 12, 2010 | Cynthia Lynch | /s/ Cynthia Lynch |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re:<br><br>Mammoth Henderson II, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:09-22234-RK |
|---|---|

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.

**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEBTOR IN POSSESSION'S MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **April 22, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Thomas C Corcovelos    corforlaw@corforlaw.com
Michael S Greger    mgreger@allenmatkins.com
Michael J Hauser    michael.hauser@usdoj.gov
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
James A Timko    jtimko@allenmatkins.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor
Mammoth Henderson II LLC
29222 Rancho Viejo Rd #203
San Juan Capistrano, CA 89074

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                        **F 9021-1.1**